**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**TORMU PRALL,**

**Petitioner,**

**v.**

**LATOYA HUGHES,**

**Respondent.**

**Case No. 3:26-CV-01347-NJR**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Tormu Prall brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Prall is currently incarcerated at Menard Correctional Center ("Menard"), which is within the Southern District of Illinois. In his § 2241 Habeas Petition ("Petition"), Prall states that on July 22, 2026, he was transferred[1] from a New Jersey state prison to Menard in retaliation for a separate *pro se* lawsuit against various New Jersey Department of Corrections and prison officials. (*Id*. at p. 6); *Prall v. Kuhn*, No. 3:24-cv-08778 (D.N.J filed Aug. 27, 2024). Prall further claims that his custody in Illinois has prevented him from attending in-person hearings in New Jersey for that litigation. (Doc. 1, p. 7). He asks the Court to: (1) order his return to New Jersey; (2) declare his transfer unconstitutional, injurious, and a denial of his access to the courts; and (3) order Respondent Latoya Hughes to produce copies of his transfer record. (*Id*. at p. 8).

Prall has also filed a Motion for Temporary Restraining Order (Doc. 2) similarly

[1] Prall was transferred under the Interstate Corrections Compact. N.J. Admin. Code § 10A:10-3.4(d)(2).

seeking his transfer back to New Jersey.

## Discussion

### I. Habeas Petition

Prall's Petition is now before the Court for preliminary review under Rule 4 of the Federal Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes the Court to apply this rule to cases filed under § 2241.

An inmate may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). It is the "exclusive civil remedy for prisoners seeking release from custody." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (citing *Preiser*, 411 U.S. at 489).

Here, Prall claims his transfer was retaliatory and seeks to be returned to New Jersey. The Seventh Circuit has long held, however, that "habeas corpus cannot be used to challenge a transfer between prisons." *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999) (involving a Wisconsin state prisoner challenging his transfer to an out-of-state prison under a Wisconsin statute authorizing such transfers) (citing *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)). Moreover, the Supreme Court has explained that prisoners do not have a

constitutional right to be "incarcerated in any particular State." *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *see Meachum v. Fano*, 427 U.S. 215, 224-25 (1976).

The narrow exception to the Seventh Circuit's rule arises when "the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about what in *Graham* we called a quantum change in the level of custody." *Pischke*, 178 F.3d at 499 (cleaned up).

Prall has not alleged a "quantum change" in the level of his custody at Menard. *Id.* Rather, he challenges the transfer itself, which falls squarely within the Seventh Circuit's bar on bringing such claims through habeas. His allegation of a retaliatory transfer is better suited to a potential First Amendment claim or a 42 U.S.C. § 1983 challenge to the conditions of his confinement.[2] *See Pischke*, 178 F.3d at 499 ("These petitions for habeas corpus [to seek re-transfer] really then are challenges under 42 U.S.C. § 1983 to the conditions in which the inmates are being held or will be held in the private prisons to which they have been or will be transferred.") (cleaned up). Accordingly, § 2241 is not the appropriate vehicle for Prall's claim.

**II. Temporary Restraining Order**

Prall also seeks a temporary restraining order to be transferred back to New Jersey. "The standard for the issuance of a TRO is the same as that required to issue a preliminary injunction." *Right Field Rooftops, LLC v. Chicago Baseball Holdings,* LLC, 80 F. Supp. 3d 829,

---

[2] The Court notes that Prall has a pending § 1983 claim in this District. *Prall v. Prisker*, No. 3:26-cv-01312 (S.D. Ill. filed Sept. 21, 2026).

833 (N.D. Ill. 2015) (citing *Merritte v. Kessel,* 561 F. App'x 546, 548 (7th Cir. 2014)). That is, the movant must demonstrate (1) a likelihood of success on the merits, (2) that he or she will suffer irreparable harm absent injunctive relief, and (3) that he or she has no adequate remedy at law. *Smith v. Executive Dir. of Ind. War Mem'ls Comm'n*, 742 F.3d 282, 286 (7th Cir. 2014); *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). As to the first element, a petitioner need only demonstrate that he has a "better than negligible" chance of succeeding on the merits. *Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001); *see also Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 782 (7th Cir. 2011).

Here, because Prall's habeas claim is not cognizable under § 2241, as discussed above, he cannot demonstrate a likelihood of success on the merits. His Motion for a Temporary Restraining Order is therefore denied.

## Conclusion

Because it plainly appears that Petitioner Tormu Prall is not entitled to relief, his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**. His Motion for a Temporary Restraining Order (Doc. 2) is **DENIED.**

If Prall wishes to appeal this Order, he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). If Prall chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If Prall files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal.

*See* FED. R. APP. P. 24(a)(1)(C).

It is not necessary for Prall to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). The Clerk's Office is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED: October 2, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**